**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

JANET M. LEO, Administrator of
the Estate of Joseph Leo, Deceased,
and Janet M. Leo, Individually, and

                          **Plaintiffs,**

FERMI RESEARCH ASSOCIATION LLC
HEALTH AND BENEFIT PLAN by its claims
administrator CONNECTICUT GENERAL LIFE
INSURANCE COMPANY,

                          **Involuntary Plaintiff,**

                                                          Case No. 09-C-833

      v

WILMOT MOUNTAIN, INC.,

                          **Defendant.**

## DECISION AND ORDER

        On May 1, 2012, the Plaintiffs, Janet M. Leo ("Leo"), as administrator of the Estate of Joseph Leo, deceased, and Leo, individually, filed an expedited non-dispositive motion to compel the disclosure of the name of the trust that owns the land known as Wilmot Mountain (the "Mountain") upon which the Defendant in this action, Wilmot Mountain, Inc., is located. The transfer of the Mountain's ownership was disclosed during the February 8, 2012, deposition of Diane Reese ("Reese"), the majority owner of Wilmot Mountain, Inc.

Leo states, without elaboration, that disclosure of the owner's name is necessary to the prosecution of this action.

In opposing the motion, Wilmot Mountain, Inc., states that it does not own and never owned the Mountain. It states that Reese owned the Mountain until January 3, 2012, when she transferred to the ownership of the Mountain to a trust or limited liability corporation. The deed to the Mountain has not yet been recorded.

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see Bond*, 585 F.3d at 1075. In responding to a motion to compel discovery, the party that objects to the discovery request has the burden of demonstrating, with specificity, why the information sought is not discoverable. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002).

Having considered the motion, this Court concludes Wilmot Mountain, Inc. has established that the identity of the current owner of the Mountain lacks relevance to the issues in this action. Therefore, Leo's expedited non-dispositive motion to compel disclosure of that information is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Leo's Civil Local Rule 7(h) expedited non-dispositive motion to compel disclosure of the name of the trust (ECF No. 73) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2012.

*Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**